Manly J.
Upon the trial of this case in Orange Supe-' rior Court there seems to have been no dispute as to this state of facts.
The plaintiffs are proprietors and managers of a select school in the County of Orange, for the government of which they'have adopted various regulations, and among thorn the following (14) “charge per session $125 in advance, which covers hoard and tuition, bed and bedding, fuel and washing ! (15) “ when a plaoc is engaged, the session’s charge is considered due, unless the hoy be prevented from coming by the act of G-od. Notice of continuance or withdrawal t > be given a month, at least, before the end of the session.'-’
Too defendant applied for admission of three of his sous *218 into tais school, and after receiving a favorable answer and-a copy of the regulations from which the foregoing are extracted, he wrote to the principal of the school as follows : cc your communication to Mr. Saunders was handedme this morning. I gladly avail myself of the opportunity of handing my boys over to you, wishing that you’ may not be disappointed in them." - ,
• The boys 'were not sent to the school of the plaintiffs, but to another school in the same County without notice to plaintiffs. ,
The plaintiff’s averred*and proved a readiness on their part at all timeé to fulfill their undertaking.
The counsel for defendant upon this state of facts, contended that inasmuch as the boys were not actually entered at the school by being sent there, the- contract on the part of the defendant was not complete. The counsel, however, consented that the jury might find a certain amount of damages, subject to the opinion of the Court upon the point' of law raised by him.
. The Court gave judgment for the plaintiffs and the defendant appealed. We are of opinion the Court properly .interpreted the negotiation between the parties.
The school is a select school; application is made for the admission of three boys ; the managers engage to receive them, and announce at the same time, that when a placéis engaged, the session’s charge is considered due , and the defendant then writes, “ I gladly avail myself of the opportunity of handing my boys over to you, hoping that you will not ho disappointed in them."
This certainly imports an engagement on the one hand to take charge of the hoys and a promise on the other to send them. There were mutual obli gations, for the violation of which, one or the other, as the case might he, .would have legal cause of complaint.
The record does not seem to raise another question which *219 was discussed in this Court, viz : whether the sum of $125 was a penalty or liquidated, damages. According to the view we take of it, no such question c&n well be made. By the terms of the contract, the semi-annual charge of $125 for each pupil is to be paid in advance, and was due at the time the places were engaged. It was a demand presently due, and could be recovered forthwith, whether the boys were ultimately sent or not. ' , ' '
Regarding it in the light of a mere security for the performance of the contract, it seemii to lis very clearly to be of the nature of stipulated damages. -We entertain no doubt of the principle that if there be only one event upon 'which the money is to become payable, and there is no adequate means of ascertaining the precise damage that may, result to the plaintiff from the breach of the contract-, it is perfectly competent to the parties, to fix a given amount of compensation, in order to avoid the difficulty. The case supposed is before us, and the difficulty has been guarded, against as clearly as words' can serve to do so. So qnacum-que cut data, the recovery made below is correct.
Judgment affirmed,